UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| T COM LLC, HAROLD CAPRON, and PENNY CAPRON, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 10-CV-0498-CVE-FHM |
| SOS TELEDATA, INC., LIMAS COMMUNICATIONS, INC., DONALD HOLLIS, MARLA HOLLIS, PEGGY SHOPE, WALTER SHOPE, SR., WALTER SHOPE, JR., RICHARD SHOPE, and JOE PERRY, | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| v. | ) ) | |
| WEST AMERICAN INSURANCE COMPANY and OHIO CASUALTY INSURANCE COMPANY, | ) ) ) ) | |
| Garnishees. | ) | |

**OPINION AND ORDER**

Now before the Court is the garnishees' Application for Leave to File Amended Answers for Ohio Casualty and West American (Dkt. # 47). The garnishees, West American Insurance Company (West American) and Ohio Casualty Insurance Company (Ohio Casualty), seek leave to file amended answers based on additional information learned during discovery. Plaintiffs T Com, LLC, Harold Capron, and Penny Capron filed a brief in opposition (Dkt. # 52).

**I.**

This garnishment action arises out of a suit filed by plaintiffs against defendants in September 1999 as the result of a contract dispute. Dkt. # 3-1, at 143. Plaintiffs' suit against defendants was originally for breach of contract and fraud. Dkt. # 47, at 3. However, the garnishees

allege that because of financial difficulties faced by defendants, plaintiffs began pressuring defendants Donald and Marla Hollis to find ways in which they might be eligible for indemnification coverage from their insurers. Id. Plaintiffs amended their petition on July 21, 2003 to add allegations of negligence, allegedly in an attempt "to create a source of indemnification coverage under the liability insurance policies." Id. Eventually, cross-motions for summary judgment were filed, and the case was scheduled for trial. Id. at 4-5.

The garnishees claim that, days before trial, counsel for plaintiffs contacted defendants Donald and Marla Hollis about entering into a consent judgment for $1,000,000 in actual damages, $200,000 in punitive damages, and attorney fees, costs, and interest, in exchange for a promise from plaintiffs not to execute upon the defendants' personal assets until separate litigation could be brought against the garnishees. Id. at 5. The September 2006 judgment, which was approved by the state court, contained language and findings using the term "negligence" as opposed to "fraud" and "breach of contract." Id. The only liability stemming from the judgment was on the part of Donald and Marla Hollis to Harold and Penny Capron for negligence. Id. Thereafter, judgment was also rendered against defendants Limas Communications, Inc. and SOS Teledata, Inc. for vicarious liability for the negligence of the Hollises. Dkt. ## 47-3, at 4; 47-4, at 2-3. The state court judge awarded Harold and Penny Capron attorney fees, costs, and interest. Dkt. # 47-5.

Garnishment summonses were mailed in 2009 by plaintiffs' counsel to the Oklahoma Insurance Commissioner for purported service on the garnishees. Dkt. # 3-1, at 54, 74. However, plaintiffs allegedly made no additional efforts to serve the garnishment summonses or to execute on the combined judgments until plaintiffs filed a complaint for declaratory judgment in the United States District Court for the Northern District of Oklahoma in July 2010. Case No. 10-cv-00418-

2

GKF-PJC. However, plaintiffs dismissed their declaratory judgment complaint prior to service upon the insurers. Id., Dkt. # 4. On July 7, 2010, plaintiffs mailed garnishment summonses again to the Oklahoma Insurance Commission, which were "receipted" on July 8, 2010. Dkt. # 3-1, at 49. Apparently due to errors in service, plaintiffs believed that garnishees did not file timely answers, and moved for orders of default against the garnishees, requiring them to file their answers within seven days. Id. at 40-41, 43-44. The garnishees again filed their answer to the garnishments on July 22, 2010, id. at 34, and later requested leave to amend their answer to comply with state procedural guidelines. Id. at 22. The garnishees subsequently filed separate amended answers. Id. at 6-7, 10-11. In their answers, the garnishees stated that they were not indebted to the judgment debtors because the judgment debtors were not employees of the insured corporations, and because "none of the named defendants were owed any money or covered under any policy of insurance for this matter." Id.

The garnishees then removed to this Court. Dkt. ## 3, 23. The garnishees seek leave to amend their answers, which they claim "are anticipated to aid the Court by providing more specific defenses." Dkt. # 47, at 7. They seek to supplement their defense of lack of coverage with a defense of collusion, deceit, and fraud by plaintiffs and their counsel in conspiring to have the term negligence used in the judgment to allow them to collect on the insurance policies. Dkt. # 47, at 6. Plaintiffs oppose the amendment on the grounds of untimeliness and futility.

## II.

A defendant is required to affirmatively plead "any . . . matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c). When a party omits an affirmative defense or discovers new evidence giving rise to a defense as discovery proceeds, the party must move to amend his

3

pleadings under Fed. R. Civ. P. 15(a) to rely on that defense in a dispositive motion or at trial. Ahmad v. Furlong, 435 F.3d 1196, 1202 (10th Cir. 2006); Harris v. United States Dep't of Veterans Affairs, 126 F.3d 339, 345 (10th Cir. 1997). Rule 15(a) provides that "leave shall be freely given when justice so requires." Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance . . . the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). The purpose of Rule 15(a) is to "provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" Minter, 451 F.3d at 1204 (quoting Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982)).

A court may deny leave to amend if the amendment would be futile. Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007). A proposed amendment is futile if the new claims or defenses would be subject to dismissal. Lind v. Aetna Health, Inc., 466 F.3d 1195, 1199 (10th Cir. 2006); Bradley, 379 F.3d at 901. A court may also deny leave to amend "when the party filing the motion has no adequate explanation for the delay." Minter, 451 F.3d at 1206 (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993)). When considering delay as the basis to deny a motion to amend, a court must consider the length of the delay and the reason for the delay to determine if the moving party's actions constitute "undue" delay. Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1285 (10th Cir. 2006).

**III.**

Plaintiffs first oppose the garnishees' amendment based on undue delay. They argue that because the judgments sought to be enforced were rendered by the state court in 2006, issues surrounding them are not timely raised, and claim that the garnishees should have known of the facts raised in the amended answers at the time they filed their original answers. Dkt. # 52, at 2. Such arguments are disingenous and ignore the realities of the underlying proceedings. Although the judgments in question were rendered in 2006, the garnishment summonses were not mailed until 2009, and they were not served on garnishees until July 2010. See Dkt. # 3-1, at 38. Moreover, due to Oklahoma procedural rules, the garnishees had little time to answer or information upon which to base those answers. The garnishees removed to this Court. Dkt. ## 3, 23. The parties had a status conference on September 30, 2010, at which time the Court set the deadline for filing amended pleadings as December 15, 2010. Dkt. # 29. That deadline was later extended to February 15, 2011 due to health issues encountered by plaintiffs' counsel. Dkt. # 32. The garnishees' motion for leave to file amended answers was filed February 14, 2011. Dkt. # 47. Therefore, the Court is not persuaded that there was any undue delay in the garnishees' request to amend their answers.

Plaintiffs also argue that amendment by the garnishees would be futile for a variety of reasons. They argue that amendment is futile as a collateral attack, that garnishees had notice and opportunity, as well as standing, to participate in the proceedings in state court, that any challenge

is time-barred, and that amendment would violate the Rooker-Feldman doctrine[1]. Dkt. # 52, at 3-6. Plaintiffs' argument regarding futility fails on all grounds.

First, plaintiffs allege that the garnishees are attempting to collaterally attack the state court judgment, and that such an attack is not permitted. However, the Tenth Circuit Court of Appeals has explicitly stated that a federal district court's consideration of whether an insurer has the duty to indemnify an insured as the result of a state court judgment is not a collateral attack, as "the fact that the judgment remains valid against [the defendant] is not inconsistent with the conclusion that the insurers are not required to indemnify him for it." Cont'l Cas. Co. v. Hempel, 4 F. App'x 703, 721 (10th Cir. 2001)(unpublished).[2] The Tenth Circuit rejected arguments similar to plaintiffs' in a recent case where an insurer argued that it was not obligated to pay in a garnishment proceeding because the underlying judgment was the result of collusion. Brockmann v. Bd. of Cnty. Comm'rs of Cnty. of Shawnee, 2010 WL 5018164, at * 9 (10th Cir. Dec. 8, 2010). In Brockmann, the Tenth Circuit determined that the insurer "was not seeking a review of the actual matter decided in state court," but that it was arguing over "whether it had the duty to indemnify" the defendant. Id. at * 7 (internal citations omitted). It reviewed the history of the litigation, including the insurer's lack of opportunity to participate or challenge the judgment in the state court, and noted that "[p]arties to litigation cannot concoct a scheme agreeing to a declaration of negligence and a . . . judgment and

---

[1] The Rooker-Feldman doctrine takes its name from two cases: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). In both cases, a losing party in a state court case filed suit in a United States district court seeking federal review of the state court judgment; in both cases, the Supreme Court held that federal district courts lacked subject-matter jurisdiction over such claims. See Feldman, 460 U.S. at 476; Rooker, 263 U.S. at 415.

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

then expect the insurance company to be bound by that agreement without being able to defend itself against liability." Id. * 9. Therefore, it found that the rule against collateral attack did not prevent an insurer from challenging "a settlement or non-jury judgment in a garnishment action against the insurer to enforce the insurance contract." Id. Here, the garnishees are not attacking the validity of the state court judgment against the defendants. Instead, they challenge their obligation to indemnify the defendants for losses resulting from that judgment. Such a challenge is not a collateral attack on the state court judgment, and the Court rejects plaintiffs' argument on that ground.

Plaintiffs' argument that amendment is futile because the garnishees had notice and opportunity to participate is also unsupported by the evidence. Plaintiffs cite OKLA. STAT. tit. 15, § 427(5) in support of their argument that where an insurance company is given notice of a suit and neglects to defend the insured, a judgment against the insured is conclusive over and against the insurer. However, the following section of this provision states that if the insurer does not have reasonable notice of the action, or is not allowed to control the defense, judgment against the insured is only presumptive evidence against the insurer. OKLA. STAT. tit. 15, § 427(6). Plaintiffs argue that the garnishees had notice of the underlying proceedings, Dkt. # 52, at 7, but have presented no evidence in support of that claim. The Court will therefore not find the garnishees' amendment futile based on a failure to participate in the underlying action.

In a similar vein, plaintiffs argue that amendment is futile because the garnishees had standing to challenge the state court judgment. Again, plaintiffs cite Oklahoma law, OKLA. STAT. tit. 12, § 1181, to support their claim that the garnishees had standing to intervene and defend the action themselves. However, as stated, there is no evidence of record from which it is possible to

infer that the garnishees had notice of the action or an obligation to defend, and the Court will not find amendment futile based on plaintiffs' conclusory assertions.

Plaintiffs' final two arguments are wholly without merit. Plaintiffs argue that amendment is futile because any challenge to the judgment is time-barred under Oklahoma law that allows only one year for such a challenge. Plaintiffs' citation to OKLA. STAT. Tit. 12, § 655, which addresses petitions for new trial, is utterly inapplicable to amendment of the garnishees' answers.[3] Finally, plaintiffs' argument regarding the Rooker-Feldman doctrine is unavailing. The Rooker-Feldman doctrine bars federal courts from reviewing state court decisions. As explained recently by the Supreme Court, "the Rooker-Feldman doctrine has been applied by this Court only twice, i.e., only in the two cases from which the doctrine takes its name." Skinner v. Switzer, No. 09-9000, 2011 WL 767703, at * 7 (March 7, 2011). The Skinner Court clarified that Rooker-Feldman applies only to those cases where a state-court judgment is challenged directly in a federal district court. Id. As noted, the question of an insurer's duty to indemnify is separate from a challenge to a state-court judgment. See Cont'l Cas. Co., 4 F. App'x at 721. Thus, Rooker-Feldman is not implicated, and plaintiffs' arguments are rejected.

The Court has been presented with no valid reason why amendment of the garnishees' answers should not be permitted, and finds good cause for such an amendment. The garnishees will therefore be permitted to amend their answers.

---

[3] Plaintiffs' counsel is reminded of the obligation imposed under Fed. R. Civ. P. 11(b)(2) and (3) to present only those claims, defenses, and other legal contentions warranted by existing law and by the evidence.

**IT IS THEREFORE ORDERED** that Application for Leave to File Amended Answers for Ohio Casualty and West American (Dkt. # 47) is **granted**. The garnishees shall file their second amended answers no later than **March 28, 2011**.

**DATED** this 25th day of March, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT