**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| T COM LLC, HAROLD CAPRON and PENNY CAPRON, | |
| Plaintiffs, | |
| vs. | Case No.10-CV-498-CVE-FHM |
| SOS TELEDATA INC, et al., | |
| Defendants, | |
| WEST AMERICAN INSURANCE COMPANY and OHIO CASUALTY INSURANCE COMPANY, | |
| Garnishees. | |

## OPINION AND ORDER

Motions to Compel filed by Garnishees Ohio Casualty Insurance Company, [Dkt. 65], and West American Insurance Company, [Dkt. 66], are before the undersigned United States Magistrate Judge for decision. Plaintiffs filed a response brief, but no reply brief was filed.

The Garnishees seek an order compelling Plaintiffs Harold Capron, Penny Capron, and non-party attorney Stephen Capron to answer questions they have refused to answer in depositions. The above-named individuals have refused to answer questions about their discussions and communications leading up to the consent judgment on which Plaintiffs are seeking to collect in this garnishment action. The Garnishees argue that, although the communications they seek to discover are attorney-client communications, the

communications fall within what is known as the "crime-fraud" exception to the attorney-client privilege found in 12 Okla. Stat. § 2502(D)(1).[1]

Plaintiffs assert four reasons the motion should be denied: (1) it is based on nothing more than a desire to get information; (2) there is an absence of the requisite proof necessary to overcome the protections afforded by the attorney-client privilege; (3) garnishees have not provided authority to support the proposition that a court can strip a party of the attorney-client privilege on the suspicion that a fraud has been perpetrated; and (4) there has been no waiver of the privilege. [Dkt. 68, p. 2].

Certainly, Garnishees desire to obtain information. That is the purpose of discovery. Further, the Garnishees do not deny that they seek production of attorney-client communications. They do not argue that a waiver has occurred. Instead, Garnishees argue that the information they seek falls within the crime-fraud exception to the attorney-client privilege expressed in the Oklahoma Statutes. In 12 Okla. Stat. §2505, after defining the terms attorney, client, and confidential communications, the statute states that a client has a privilege to refuse to disclose confidential communications between attorney and client which were made for the purpose of legal services to the client. Section D of the statute states:

> D. There is no privilege under this section:
>
> 1. If the services of the attorney were sought or obtained to enable or aid anyone to commit what the client knew or reasonably should have known to be a crime or fraud [.]

---

[1] In this diversity action, the substantive law of Oklahoma is applied to the question of the attorney-client privilege. Fed. R. Evid. 501.

The issue to be decided is whether Garnishees have demonstrated that 12 Okla. Stat. §2505 (D)(1) is applicable.

The Supreme Court has stated: "[i]t is the purpose of the crime-fraud exception to the attorney-client privilege to assure that the 'seal of secrecy' between a lawyer and client does not extend to 'communications made for the purpose of getting advice for the commission of a fraud' or crime." *United States v Zolin*, 491 U.S. 554, 562, 108 S.Ct. 26019, 105 L.Ed.2d 469 (1989) (citations omitted). It is clear that before the crime-fraud exception is applied, there must be some showing that the allegation of attorney participation in the crime or fraud has some foundation in fact. *In re Grand Jury Subpoenas*, 144 F.3d 653, 660 (10th Cir. 1998). Construing Oklahoma law, the Tenth Circuit has observed that while the precise nature of the showing required has not been determined, it appears that "some type of prima facie showing of a crime or fraud is required under Oklahoma law" to trigger the applicability of the crime-fraud exception. *White v. American Airlines*, 915 F.2d 1414, 1424 (10th Cir. 1990) citing *Kelly v. State*, 651 P.2s 1339, 4342 (Okl.Crim.App. 1982). *See also In re: Grand Jury Subpoenas*, 144 F.3d at 660 (digesting cases applying various tests for application of crime-fraud exception).

Garnishees' papers invoke the word "fraud," but do not contain a discussion of the elements of fraud or how the facts of this case fit into those elements. Without any such discussion, the Court is left to fill in the blanks and reach a conclusion. That falls short of a showing that the crime-fraud exception is applicable. The Court notes that there are no Oklahoma or Tenth Circuit cases suggesting that the crime-fraud exception should be given the "broadest interpretation" as in the Alaska Supreme Court case cited by

3

Garnishees. *Central Cont. Co. v. Home Indemnity Co.*, 794 P.2d 595, 598 (Alaska 1990). The Tenth Circuit has stated that the crime-fraud exception has not been extended to torts generally. *Motley v. Marathon Oil Company*, 71 F.3d 1547, 1551 (10th Cir. 1995).

The Court finds that in the absence of any discussion by Garnishees about how the facts demonstrate the commission of fraud, they have not established the applicability of the crime-fraud exception contained in 12 Okla. Stat. §2502(D)(1). Accordingly, Motions to Compel filed by Garnishees Ohio Casualty Insurance Company, [Dkt. 65], and West American Insurance Company, [Dkt. 66], are DENIED.

SO ORDERED this 12th day of August, 2011.


_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE